IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE R. GOCHIN | : | CIVIL ACTION |
| v. | : | No. 16-6153 |
| THOMAS JEFFERSON UNIVERSITY, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                         **May 17, 2017**

Pro se Plaintiff Diane R. Gochin alleges Defendants Thomas Jefferson University (TJU), Carianne Torrissi, Esquire, the United States District Court for the Eastern District of Pennsylvania, the United States Court of Appeals for the Third Circuit, and various federal judges within this Court and the Third Circuit conspired to violate federal and state racketeering statutes and Gochin's constitutional rights in connection with a separate, underlying employment discrimination case Gochin brought against TJU. Gochin generally alleges Defendants committed abuse of process and engaged in a conspiracy during the course of the underlying litigation. The Government, in a Statement of Interest, urges the Court to sua sponte dismiss Gochin's claims against the federal Defendants for failure to state a claim, asserting Gochin's claims against them are barred by judicial immunity. TJU and Torrissi—TJU's attorney in the underlying action—move to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim. Because the majority of Gochin's Complaint collaterally attacks prior judgments of the District Court and Third Circuit in the underlying case, the Court lacks subject matter jurisdiction to consider those claims. Further, any new claims brought by Gochin are

barred by judicial immunity or do not state a viable claim for relief. The Court will therefore grant Defendants' Motions.[1]

**BACKGROUND**[2]

In 2014, Gochin, a former employee at TJU, filed an employment discrimination action against TJU, which came before the Honorable District Court Judge Paul S. Diamond. Gochin claimed she was given inadequate raises and unsuccessfully applied for 53 other jobs at TJU during the course of her employment there. On August 20, 2014, TJU moved for summary judgment, and in March 2015, Judge Diamond denied the motion without prejudice, directing TJU to provide additional discovery. The following month, TJU renewed its motion for

---

[1] On March 6, 2017, Gochin having failed to respond to the Government's Statement of Interest or TJU and Torrissi's Motion to Dismiss, the Court ordered her to file responses on or before March 20, 2017. On March 15, 2017, Gochin filed a Response, specifically addressing the Government's Statement. Because 28 U.S.C. § 517 authorizes the Department of Justice to attend to the interests of the United States, which are implicated by Gochin's claims against the federal Defendants, and Gochin was provided an opportunity to respond to the Statement, the Court construes the Statement as a Motion to Dismiss. In the alternative, the Court possesses the inherent power to sua sponte dismiss Gochin's claims against the federal Defendants for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), where the claims are completely devoid of merit. *See DeGrazia v. F.B.I.*, 316 F. App'x 172, 173 (3d Cir. 2009) (affirming district court's sua sponte dismissal of plaintiff's complaint where he had paid the filing fees but his claims relied on "fantastic scenarios lacking any arguable factual basis"). In any event, the Court finds it lacks subject matter jurisdiction over the Complaint, which the Court finds to be a collateral attack on a final judgment. *See Gagliardi v. Standish*, 431 F. App'x 117, 118 (3d Cir. 2011) (affirming district court's dismissal of complaint for lack of subject matter jurisdiction before service to defendants where lack of jurisdiction to adjudicate a collateral challenge was apparent on the face of the complaint).

[2] The following facts are drawn from the Complaint, the allegations of which the Court accepts as true for purposes of deciding the instant motion, *see Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding a court considering a Rule 12(b)(6) motion to dismiss should "assume the[] veracity" of the complaint's "well-pleaded factual allegations"), as well as from previously filed court documents attached to TJU's Motion to Dismiss, *see Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (noting "courts generally consider . . . matters of public record" in deciding a motion to dismiss, and holding "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document").

summary judgment. In response, Gochin filed a motion for default judgment and for sanctions based on TJU and Torrissi's alleged misconduct during the litigation proceedings.

According to Gochin, in September 2015, she filed a disciplinary complaint against Judge Diamond for his delay in issuing an order deciding TJU's motion, and Judge McKee dismissed the complaint for lack of merit. In November 2015, Judge Diamond granted TJU's renewed motion for summary judgment, finding Gochin's claims either time-barred or having "no evidentiary basis." *See Gochin v. Thomas Jefferson Univ.*, No. 13-7559, Order at 9-11 (E.D. Pa. Nov. 3, 2015). Judge Diamond also denied Gochin's motion for default judgment and sanctions as "frivolous," noting Gochin alone acted improperly. *Id.* at 6.

Gochin sought relief from the grant of summary judgment under Federal Rule of Civil Procedure 60(b), arguing Judge Diamond violated her constitutional rights, conspired with the underlying Defendants and was complicit in their misconduct, and retaliated against her for filing a disciplinary complaint. The District Court denied the motion. Gochin appealed the grant of TJU's motion for summary judgment, which the Third Circuit dismissed as untimely. She also appealed the denial of her 60(b) motion, and the Third Circuit affirmed the District Court's order.[3]

Gochin now brings the instant action against Defendants, asserting violations of the federal Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, Pennsylvania's racketeering statute, 18 Pa. C.S. § 911, and various federal civil rights statutes, 42 U.S.C. §§ 1981, 1983, and 1985, as well as a claim for common law abuse of process. In a

---

[3] Following the dismissal of her appeals, Gochin filed motions for recusal and for en banc hearings, all of which were denied. *See Gochin v. Thomas Jefferson Univ.*, No. 15-3924, Order (3d Cir. July 14, 2016); *Gochin v. Thomas Jefferson Univ.*, No. 15-3924, Order (3d Cir. July 25, 2016); *Gochin v. Thomas Jefferson Univ.*, No. 15-4059, Order (3d Cir. Aug. 1, 2016); *Gochin v. Thomas Jefferson Univ.*, No. 15-4059, Order (3d Cir. Aug. 31, 2016).

Statement of Interest, the Government argues the Court should dismiss all claims against the federal Defendants under the doctrine of judicial immunity. TJU and Torrissi move the Court to dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim.

**DISCUSSION**

In considering a Rule 12(b)(1) motion, the court may treat the motion "as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) *holding modified by Simon v. United States*, 341 F.3d 193 (3d Cir. 2003). Where the motion is a facial attack, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Id.* "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)[.]" *Const. Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). In reviewing a factual attack, the court may consider evidence outside the pleadings, as the movant argues "there is no subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Id.* In other words, "a facial attack contests the sufficiency of the pleadings, whereas a factual attack concerns the actual failure of a [plaintiff's] claims to comport [factually] with the jurisdictional prerequisites." *Id.* (internal quotation marks and citation omitted) (alterations in original).

In order to survive a Rule 12(b)(6) motion to dismiss for a failing to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks removed). A claim is facially plausible when the facts pleaded "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The "plausibility" standard is not a "probability requirement" but rather a

4

requirement of more than a "sheer possibility that a defendant has acted unlawfully." *Id*. A complaint which "pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (internal quotation marks omitted)). In evaluating a complaint's sufficiency under these standards, the court must first "tak[e] note of the elements a plaintiff must plead to state a claim." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 675). Next, the court should "identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Finally, where there are well pleaded allegations, the court "should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

### A. Defendants TJU and Torrissi

Gochin alleges TJU and Torrissi's law firm engaged in corruption through their political contributions. She also alleges TJU and Torrissi committed various discovery abuses throughout the underlying case, such as altering documents, sending Gochin excessive discovery documents, and concealing evidence and witnesses. TJU moves to dismiss Gochin's Complaint for lack of subject matter jurisdiction, arguing this case impermissibly collaterally attacks a prior judgment. TJU also argues Gochin's claims are barred by collateral estoppel.

A court lacks subject matter jurisdiction where a plaintiff seeks to "relitigate a previously decided (and appealed) action" because it constitutes a "collateral challenge over [a] final judgment." *Pondexter v. Pa. Human Relations Comm'n*, 556 F. App'x 129, 131 (3d Cir. 2014); *see Gagliardi v. Standish*, 431 F. App'x 117, 117-18 (3d Cir. 2011) (affirming dismissal of complaint that alleged bias of judges in underlying actions, as district court "lacked jurisdiction

5

to adjudicate collateral challenges in the nature of appeals and alleged violations of the codes of judicial conduct"). The Third Circuit—not this Court—has subject matter jurisdiction over challenges to a final decision of a district court. *See Pondexter v. Pa. Human Relations Comm'n*, No. 13-732, 2013 WL 3305232, at *1 (W.D. Pa. June 28, 2013) (citing 28 U.S.C. §§ 1291, 1292). To the extent Gochin seeks further review of the underlying case, her Complaint must be dismissed for lack of subject matter jurisdiction.

Further, Gochin's claims, having been raised in the underlying case, are barred by collateral estoppel. Collateral estoppel, or issue preclusion, "prevents parties from litigating again the same issues when a court of competent jurisdiction has already adjudicated the issue on its merits, and a final judgment has been entered as to those parties and their privies." *Witkowski v. Welch*, 173 F.3d 192, 198 (3d Cir. 1999). The Court must find four requirements are met before barring Gochin's claims as collaterally estopped: "(1) the issue decided in the prior adjudication must be identical with the one presented in the later action; (2) there must have been a final judgment on the merits; (3) the party against whom collateral estoppel is asserted must have been a party or in privity with the party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in question in the prior adjudication." *Id.* at 199.

The majority of Gochin's Complaint repeats allegations against TJU, Torrissi, and the federal judges that have been litigated in the underlying action, although Gochin couches some of those allegations in new theories of relief under federal and state racketeering and conspiracy statutes. Throughout the underlying litigation, Gochin filed numerous motions and letters accusing defense counsel of bad faith and misconduct, and Judge Diamond of bias, conspiring with the defendants, and denying her due process. *See Gochin v. Thomas Jefferson Univ.*, No.

6

13-7559, Order (E.D. Pa. Nov. 3, 2015). Judge Diamond denied each of Gochin's motions seeking relief from the alleged misconduct.[4] In his November 3, 2015, Order granting TJU's renewed motion for summary judgment and denying Gochin's motion for default judgment and sanctions,[5] Judge Diamond explained that Gochin's repeated allegations of misconduct were baseless and frivolous, and that she herself had committed the only misconduct. *See id.* at 3.

Gochin appealed Judge Diamond's Order, but the Third Circuit dismissed the appeal as untimely. *See id.* Gochin also filed a motion seeking reconsideration of Judge Diamond's Order pursuant to Rule 60(b)(3),[6] claiming "the Jefferson Defendants had 'machinated their entire

---

[4] On March 28, 2014, Judge Diamond issued a protective order prohibiting Gochin from engaging in "harassing, threatening and/or disparaging correspondence" with TJU, which Gochin moved to vacate, accusing defense counsel of bad faith. *See Gochin v. Thomas Jefferson Univ.*, No. 13-7559, Order at 4 (E.D. Pa. Nov. 3, 2015). Judge Diamond denied that motion. *Id.* Subsequently, in opposition to defense counsel's motion to compel Gochin to comply with scheduled discovery, Gochin asserted she was being denied due process and accused Judge Diamond of having a personal vendetta against her. *Id.* Gochin continued to respond to the Court's and the defendants' actions with letters "accusing defense counsel of deception and repeating her due process complaints" and asserting defendants had been "given special privileges and liberties . . . indicative of the bias of this court and its disrespect for *pro se* parties." *Id.* at 4-5. Soon afterward, Gochin filed a motion to compel and a request for sanctions based on the defendants "continually act[ing] in bad faith," which Judge Diamond denied as frivolous. *Id.* at 5.

[5] In her motion for default judgment, filed in response to the defendant's renewed motion for summary judgment, Gochin alleged the defendants had engaged in bad faith and misconduct, including "deliberately concealing multiple hirings into allegedly cancelled positions," Defs.' Mot. to Dismiss Ex. 3, Mot. for Default J. and Sanctions ¶ 11; failing to comply with the Court's discovery order, *id.* ¶ 15; and sending excessive discovery documents to her, *id.* Ex. 3, Memo. of Law at 2, 6. She also alleged Judge Diamond had a conflict of interest due to his existing relationship with TJU, and a bias against Gochin due to her status as a pro se litigant. *Id.* at 3-4. Gochin argued the Court's handling of discovery "gave confidence to the Defendants that they could continue to abuse the process and continue to conceal evidence." *Id.* at 2.

[6] "Rule 60(b)(3) provides for relief from a final judgment where there has been 'fraud . . . , misrepresentation, or other misconduct of an adverse party.'" *Stridiron v. Stridiron*, 698 F.2d 204, 206–07 (3d Cir. 1983) (quoting Fed. R. Civ. P. 60(b)(3)). "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case. Failure to disclose or

7

defense' by concealing evidence that the two allegedly cancelled positions had in fact been filled," and that Judge Diamond had "conspired with the defendants to falsely accuse her of discovery misconduct." *Gochin v. Thomas Jefferson Univ.*, No. 15-4059, Op. at 3-4 (3d Cir. July 20, 2016). The District Court denied the motion, and the Third Circuit affirmed, finding that "[i]n her Rule 60(b)(3) motion, Gochin merely sought to re-litigate the issues she already raised, and which the District Court already rejected, in her Motion for Default Judgment and Sanctions. Gochin failed to timely appeal from the order denying that motion, and a Rule 60(b) motion may not be used as a substitute for appeal." *Id.* (internal quotation marks omitted).

Gochin filed a petition for en banc review of the Third Circuit's Orders dismissing and denying her appeals, asserting the Third Circuit abused its discretion and the appellate judges violated the code of conduct by failing to recuse themselves. *See* Defs.' Mot. to Dismiss Ex. 9, Pet. for En Banc and Panel Review of Mot. 60(b). The Third Circuit denied both petitions. *See Gochin v. Thomas Jefferson Univ.*, No. 15-3924, Order (3d Cir. July 1, 2016); *Gochin v. Thomas Jefferson Univ.*, No. 15-4059, Order (3d Cir. August 31, 2016).

Gochin's allegations of abuse of process and conspiracy before this Court reiterate claims she previously brought against the same parties in the prior adjudication, and because Gochin had a "full and fair opportunity to litigate" those issues, her claims are also barred by collateral estoppel.[7] *See Pondexter*, 556 F. App'x at 131 (affirming district court's dismissal of the

---

produce evidence requested in discovery can constitute Rule 60(b)(3) misconduct." *Id.* (internal citation omitted).

[7] Furthermore, Gochin's common law abuse of process claim, which appears to encompass the majority of her allegations, fails to state a claim. To sufficiently allege a common law abuse of process claim, Gochin must show TJU and Torrissi "(1) used a legal process against the plaintiff[;] (2) primarily to accomplish a purpose for which the process was not designed; and (3) harm has been caused to the plaintiff." *Langman v. Keystone Nat'l Bank & Trust Co.*, 672 F. Supp. 2d 691, 700 (E.D. Pa. 2009), *aff'd sub nom. Langman v. Keystone Nazareth Bank & Trust Co.*, 502 F. App'x 220 (3d Cir. 2012) (quoting *Lerner v. Lerner*, 954 A.2d 1229, 1238 (Pa.

8

complaint for lack of subject matter jurisdiction and on res judicata grounds where plaintiff, who had previously filed a pro se civil rights complaint, was attempting to relitigate his claim that the district court relied on a "sham" affidavit executed by one of the defendants and that the defendants conspired to harm him).

TJU also argues the Court lacks subject matter jurisdiction over Gochin's racketeering claim brought under 18 Pa. C.S. § 911. The Court agrees. *See Malley-Duff & Assocs., Inc. v. Crown Life Ins. Co.*, 792 F.2d 341, 348 (3d Cir. 1986), *aff'd sub nom. Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987) ("Pennsylvania's RICO-type statute, 18 Pa. [C.S.] § 911 . . . does not provide for a private cause of action."); *see also Siegel Transfer, Inc. v. Carrier Exp., Inc.*, 54 F.3d 1125, 1139 (3d Cir. 1995) ("[T]he existence of a private cause of action is a jurisdictional requirement." (citing *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986))). Gochin's 18 Pa. C.S. § 911 claim against TJU and Torrissi is therefore dismissed.

TJU argues Gochin's RICO claim must also be dismissed for failure to state a claim. The civil RICO statute allows "[a]ny person injured in his business or property by reason of a

---

Super. Ct. 2008)). Liability for abuse of process may only be reached when "the utilization of the procedure for the purpose for which it was designed becomes so lacking in justification as to lose its legitimate function as a reasonably justifiable litigation procedure. Only at that point could the legal process be considered to have been perverted." *Gen. Refractories Co. v. Fireman's Fund Ins. Co.*, 337 F.3d 297, 308 (3d Cir. 2003) (internal quotation marks and citation omitted). "The requisite 'perversion' of the legal process 'occurs when a party uses the process primarily to accomplish a purpose for which the process was not designed.'" *Price v. City of Philadelphia*, No. 15-1909, 2017 WL 895586, at *19 (E.D. Pa. Mar. 7, 2017) (quoting *Gen. Refractories Co.*, 337 F.3d at 304). "Illegitimate purposes include, for example, extortion, forcing a defendant to surrender a legal right, or blackmail." *Id.* (internal quotation marks and citation omitted).
   The Court finds Gochin's allegations of TJU and Torrissi's abuse of process—concealment of job openings, bad faith filing of their motion for summary judgment (which the District Court granted), and excessive discovery production—fail to show Defendants used the legal process primarily to accomplish an illegitimate purpose so as to pervert the litigation proceedings. *See Gen. Refractories Co.*, 337 F.3d at 308.

9

violation of section 1962 . . . [to] sue therefor." 18 U.S.C. § 1964(c). Thus, a "plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation [of RICO]." *Maio v. Aetna, Inc.*, 221 F.3d 472, 483 (3d Cir. 2000) (citation omitted) (alteration in original). The "injury to business or property" requirement must be satisfied by "proof of a concrete financial loss and not mere injury to a valuable intangible property interest." *Id.*

Here, Gochin lacks standing to pursue a RICO claim, as she fails to allege she has suffered a concrete financial loss.[8] Further, none of Gochin's allegations concerning TJU and Torrissi's political contributions or discovery abuses constitute the "racketeering activity" necessary to sufficiently allege a RICO violation. *See* 18 U.S.C. § 1961. Gochin also fails to allege any of the four potential types of violations under Section 1962.[9] The RICO claim is therefore dismissed.

Finally, TJU and Torrissi assert dismissal of Gochin's federal civil rights claims, which she brings pursuant to §§ 1981, 1983, and 1985, is warranted. The Court agrees.

"To establish a right to relief under § 1981, a plaintiff must show (1) that he belongs to a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3)

---

[8] To the extent Gochin argues she has suffered financial loss from TJU's employment discrimination, those actions are separate from the alleged RICO acts, and in any event, such financial loss is speculative. *See Anderson v. Ayling*, 396 F.3d 265, 270-71 (3d Cir. 2005) (holding plaintiffs had no concrete loss for RICO standing based on their employment termination, as "job loss[ ] is [an injury] that has been found not normally to create RICO standing" and it "would be difficult to determine what extent plaintiffs' job loss was due to the alleged RICO acts").

[9] Section 1962 provides the four types of activities prohibited by the federal RICO statute, with racketeering activity as an element of each of the four violations. Because the Court finds Gochin has failed to allege TJU and Torrissi engaged in any racketeering activity, the Court need not further address Gochin's failure to allege a violation of 18 U.S.C. § 1962.

discrimination concerning one or more of the activities enumerated in § 1981." *Pryor v. Nat'l Collegiate Athletic Ass'n.*, 288 F.3d 548, 569 (3d Cir. 2002) (internal quotation marks omitted). Gochin has failed to allege any of these three elements and her § 1983 claim will be dismissed.[10]

To state a claim under § 1983, "a plaintiff must plead a deprivation of a constitutional right and that the constitutional deprivation was caused by a person acting under the color of state law." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008). Because TJU and Torrissi are not state actors, the § 1983 claim fails. *See Brown v. Philip Morris Inc.*, 250 F.3d 789, 806 (3d Cir. 2001) (affirming district court's dismissal of § 1983 claim where plaintiff failed to demonstrate defendants should be regarded as state actors). Gochin argues that because the "legal industry is regulated by the Pennsylvania Supreme Court," TJU and Torrissi's conduct is fairly attributable to the state. Resp. 13. However, TJU is a private university with no state involvement,[11] and Torrissi, a private attorney, does not qualify as a state actor. *See Singh v. Harrison*, 412 F. App'x 430, 431 (3d Cir. 2011) (holding a private attorney was not a state actor

---

[10] In her Response, Gochin attempts to add a race-based element to her Complaint by arguing Judge McKee "may have been deterred from dismissing the disciplinary complaint had [Gochin] not been white, as [Judge] McKee is black." Resp. 11. Gochin's allegation is baseless and reproachable.

[11] A university may be considered a state actor for purposes of a § 1983 claim in very limited circumstances. *See Untracht v. Fikri*, 454 F. Supp. 2d 289, 318 (W.D. Pa. 2006), aff'd, 249 F. App'x 268 (3d Cir. 2007) (noting the Third Circuit has deemed a university a state actor under the "symbiotic relationship test" where the "state had taken the affirmative step of statutorily accepting responsibility for the [u]niversity" and rendering the university an "instrumentality" of the state by overseeing "virtually every aspect of the operation of the university" (citing *Braden v. Univ. of Pittsburgh*, 552 F.2d 948 (3d Cir. 1977) and *Krynicky v. Univ. of Pittsburgh*, 742 F.2d 94 (3d Cir. 1984))); *see also Becker v. City of University of Seattle*, 723 F. Supp. 2d 807 (E.D. Pa. 2010) (holding a private university was not state actor for purposes of § 1983 claim where the university did not exercise powers that were traditionally the exclusive prerogative of the state or act in concert with state officials, and that the state had not "insinuated itself into a position of interdependence" with the university). Gochin makes no allegations that TJU and the state are substantially connected so as to render TJU a state actor.

where plaintiff failed to allege the attorney acted under color of state law). Gochin's § 1983 will therefore be dismissed.

Gochin's conspiracy claim under § 1985 claim also fails. Although Gochin fails to identify the particular subsections of § 1985 under which she brings suit, the Court construes her claims to allege violations under §§ 1985(2) and (3). Both § 1985(2) and § 1985(3) require "the conspirators' actions be motivated by an intent to deprive their victims of the equal protect of the laws" and a "class-based, invidiously discriminatory animus." *Kush v. Rutledge*, 460 U.S. 719, 725 (1983); *see also Brawer v. Horowitz*, 535 F.2d 830, 840 (3d Cir. 1976). Gochin, however, fails to plead any facts supporting her § 1985 claims beyond vague allegations that Defendants conspired to "abuse the process." Compl. 11. She has also failed to plead facts establishing any "class-based discriminatory animus" behind TJU and Torrissi's actions. The § 1985 claim therefore fails. *See Robinson v. McCorkle*, 462 F.2d 111, 113 (3d Cir. 1972) (affirming district court's dismissal of § 1985(3) claim against judge, attorney, and clerk where plaintiff's conspiracy allegations were "unsupported by any specific facts" and the complaint "fail[ed] to make a sufficient showing under [§ 1985(3)] that [plaintiff] was denied equal protection of the law").

**B. Federal Defendants**

Gochin generally alleges "there is a network of judges who are selling outcomes of cases to the highest bidder." Compl. 5. With respect to Judge Diamond, Gochin alleges the Judge substantially delayed the underlying matter, was biased against her, conspired with the other Defendants, and issued a legally insufficient opinion dismissing the case. Gochin also alleges certain judges in the Third Circuit violated the judicial disciplinary procedures in handling her disciplinary complaint and violated her rights in handling her appeals from the District Court's

orders. The Government argues Gochin's claims against the federal Defendants are barred by judicial immunity.[12]

"It is well-settled that a judicial officer in the performance of his or her duties has absolute immunity from suit for damages and will not be liable for his or her judicial acts." *Rush v. Wiseman*, No. 09-4385, 2010 WL 1705299, at *7 (E.D. Pa. Apr. 27, 2010) (citing *Azubuko v. Royal*, 443 F.3d 302 (3d Cir. 2006)). In determining whether judicial immunity applies, a court conducts a two-party inquiry: (1) whether the challenged actions were taken in the judge's judicial capacity; and (2) whether the actions, even if judicial in nature, were taken in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000).[13] "With respect to the first inquiry, 'the factors determining whether an act by a judge is a judicial one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity.'" *Gallas*, 211 F.3d at 768-69 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)) (internal quotation marks omitted).

---

[12] Gochin's claims against the federal Defendants can be construed as a collateral attack on the underlying action. *See Gagliardi*, 431 F. App'x at 118. In any event, the Court finds the claims are barred by judicial immunity.

[13] The Court notes that because the judicial Defendants are federal employees, Gochin's § 1983 claims will be considered *Bivens* claims with respect to those Defendants. *See Rush*, 2010 WL 1705299, at *5 (noting that because plaintiff proceeded pro se and "the Third Circuit has declared that a *Bivens* claim is the 'federal counterpart' to a § 1983 claim," the § 1983 claim brought against a federal judge may be treated as a *Bivens* claim (quoting *Egervary v. Young*, 366 F.3d 238, 246 (3d Cir.2004), *cert. denied*, 534 U.S. 1049 (2005))). Thus, although *Mireles* and *Gallas* considered judicial immunity from § 1983 claims, "for the purposes of immunity analysis, *Bivens* actions are not distinguished from civil rights suits brought against state officials pursuant to . . . § 1983, and, thus, the immunity principles applied in Section 1983 actions apply with equal force in the case of a federal official." *Id.* at *7 (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 n.30 (1982)).

Allegations of bad faith, malice, or corruption do not overcome judicial immunity. *See Forrester v. White*, 484 U.S. 219, 227 (1988); *Gallas*, 211 F.3d at 772.

The claims asserted against the federal Defendants arise solely from actions undertaken in the adjudication of the underlying matter; that is, in their capacity as judges in the Eastern District of Pennsylvania and the Third Circuit Court of Appeals, and within their jurisdiction. Gochin's conspiracy allegations, like those of bad faith and corruption, do not render the judges' actions non-judicial, and thus do not affect their immunity. *See Rush*, 2010 WL 1705299, at *8 ("Judicial immunity extends to situations where a plaintiff alleges that a judge took his or her actions as a result of a conspiracy between the judge and other lawyers in the case."). Because the federal Defendants acted within their judicial capacity and jurisdiction, they are immune from liability.

Gochin also seeks damages against the Eastern District of Pennsylvania and Third Circuit, generally asserting the "U.S. Courts have failed to adequately protect its citizens[,] including herself, from judicial corruption," Compl. 33, and claiming the administrative offices of the District Court and Court of Appeals "refused to comply with [her] request for statistics, information and records on the outcomes of discrimination cases in Pennsylvania federal courts," Compl. 9. The offices and employees of the Courts, however, are also entitled to judicial immunity. *See Turack v. Guido*, 464 F.2d 535, 536 (3d Cir. 1972) (affirming dismissal of complaint against court administrator, as "judicial officers are immune from damage suits growing out of their official duties"); *Marcedes v. Barrett*, 453 F.2d 391 (3d Cir. 1971) (applying quasi-judicial immunity to clerk of courts, an administrative assistant to the president judge, and a court reporter). The doctrine of absolute judicial immunity therefore bars Gochin's claims for monetary damages against the Eastern District of Pennsylvania and Third Circuit.

Gochin argues the federal Defendants are not protected by judicial immunity because, in addition to damages, she seeks declaratory and injunctive relief. *See* Compl. 38-39 (requesting a "declaratory judgment establish[ing] [the judges'] participation in a conspiracy against [Gochin]," and "against the laws of the United States"); Resp. 5 (seeking "a declaration that her civil rights ha[ve] been violated by being denied a jury trial and an impartial tribunal," and injunctive relief "that would provide justice in this matter, such as voiding the orders of the Defendant judges").

To obtain injunctive relief, a plaintiff must allege facts demonstrating the likelihood that she will suffer future injury. *See O'Callaghan v. Hon. X.*, 661 F. App'x 179, 182 (3d Cir. 2016). Similarly, "[d]eclaratory judgment is inappropriate solely to adjudicate past conduct." *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006); *see O'Callaghan*, 661 F. App'x at 182 (noting a declaratory judgment "is meant to define the legal rights and obligations of the named parties in anticipation of future conduct, not to proclaim their liability for past actions"). Although judicial immunity does not bar "prospective injunctive relief against a judicial officer acting in her judicial capacity," *Pulliam v. Allen*, 466 U.S. 522, 541–42 (1984), judicial immunity bars suits for injunctive relief except in the "very limited circumstances" where "a declaratory decree was violated or declaratory relief was unavailable." *Rush*, 2010 WL 1705299, at *10 (citing *Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006)).

Here, with respect to the requested equitable relief, Gochin essentially seeks reversal of the Courts' decisions in the underlying closed discrimination case. Such retrospective relief is unavailable. *See Corliss*, 200 F. App'x at 84 (denying requested declarations that plaintiff's constitutional rights had been violated and defendants' conduct violated state penal laws, as plaintiff was "not seeking declaratory relief in the true legal sense"); *Rush*, 2010 WL 1705299, at

15

*11 (denying request for declaration that the judge "conspired with other defendants to violate [plaintiff's] . . . federal constitutional rights through her rulings and decisions," as plaintiff failed to ask for "declaratory relief in the legal sense"). Further, Gochin's "claim[s] for injunctive relief [are] barred by judicial immunity because a declaratory decree has not been violated and declaratory relief is not unavailable per se." *Rush*, 2010 WL 1705299, at *11; *see Azubuko*, 443 F.3d at 304 (holding requested injunctive relief barred where plaintiff had "not alleged that a declaratory decree was violated or that declaratory relief [was] unavailable" and "the injunctive relief sought by [plaintiff did] not address the actions of [the judge] other than in his judicial capacity"). Because Gochin's claims against the federal Defendants for damages and injunctive relief are barred, and her claims for declaratory relief are unavailable, the claims will be dismissed.

The Court finds amendment of Gochin's Complaint to cure the pleading deficiencies would be futile and therefore dismisses the Complaint with prejudice. *See Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004) (indicating leave to amend a complaint is unnecessary where amendment would be futile).

An appropriate Order follows.


                                              BY THE COURT:


                                              /s/ Juan R. Sánchez
                                            Juan R. Sánchez, J.